JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

JOSEPH C. MONTANA JR.

## DEFENDANTS

KIM MOSES; HERITAGE AUCTIONS, INC.; DOES 1-25

(b) County of Residence of First Listed Plaintiff  CONTRA COSTA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    LOS ANGELES
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

ROBERT L. MEZZETTI II
31 EAST JULIAN ST.
SAN JOSE, CA 95112

Attorneys (If Known)

E-FILING   C08   02324BZ

ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☒ 195 Contract Product Liability | ☒ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
INVASION OF PRIVACY AND RELATED CLAIMS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ exceeds 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE   1 / 5 / 2008

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  | **ROBERT L. MEZZETTI II, 114282**
2  | **CAITLIN G. WHITWELL, 238013**
   | **MEZZETTI LAW FIRM, INC.**
3  | 31 East Julian Street
   | San Jose, California 95112
4  | (408) 279-8400

**ADR**

**FILED**

2008 MAY -5 P 3: 56

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

5  | Attorneys for Plaintiff
   | JOSEPH C. MONTANA JR.

**E-FILING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**C08-02324 BZ**

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH C. MONTANA, JR. | Case No. |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTION FOR |
| v. | |
| KIM MOSES, HERITAGE AUCTION, INC., and DOES 1 through 25 inclusive, | (1) INVASION OF PRIVACY– PUBLICITY GIVEN TO PRIVATE LIFE |
| Defendants. | (2) INVASION OF PRIVACY– INTERFERENCE WITH PRIVACY |
| | (3) COMMON LAW COPYRIGHT VIOLATION–CAL. CIV. C. §§ 980-985 |
| | (4) CONVERSION |

DEMAND FOR JURY TRIAL

Plaintiff JOSEPH C. MONTANA, JR., alleges:

**JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because, as alleged below, there is diversity of the parties as Plaintiff is a California resident and Defendant HERITAGE AUCTIONS, INC., is a Texas corporation, and the amount in controversy exceeds $75,000.

Pltff.'s Complt. for Damages and Injunction . . .    1

1

**INTRADISTRICT ASSIGNMENT**

2

Pursuant to Civil Local Rule 3-2(b), this action is properly commenced at any office of the

3

Clerk for the Northern District, and thereafter assigned to the San Francisco or Oakland Division

4

pursuant to Civil Local Rule 3-2(c), as a substantial part of the property that is the subject of the

5

action is situated in Contra Costa County where Plaintiff resides, as alleged below.

6

**GENERAL ALLEGATIONS**

7

1.    Plaintiff JOSEPH C. MONTANA, JR., is an individual and an adult resident of Contra

8

Costa County, California.

9

2.    Defendant KIM MOSES aka KIM MOSES SANDER is an individual and an adult

10

resident of Los Angeles County, California.

11

3.    Defendant HERITAGE AUCTIONS, INC., is a Texas corporation with its principal

12

place of business in Texas; HERITAGE AUCTION is engaged in the business of marketing,

13

valuing, and selling collectibles at auctions, which are held in Texas and California, among other

14

states, and which target California residents, among residents of other states.

15

4.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

16

DOES 1 through 25, inclusive, and therefore sues such Defendants by such fictitious names.

17

Plaintiff will seek leave to amend this Complaint to reflect the true names and capacities of said

18

Defendants when such information has been ascertained.  Plaintiff is informed and believes and

19

thereon allege that each of these fictitiously named Defendants claims some right, title, estate,

20

lien, or interest in the hereinafter described claims, and that each of them is responsible in some

21

manner for the wrongful conduct herein alleged.

22

5.    Defendants, and each of them, were the agents, employees, co-ventures, partners,

23

or in some manner agents or principals, or both, for each other, and were acting in the scope of

24

their agency or conduct.

25

6.    In approximately April 2008 and May 2008, Defendants offered for auction certain

26

items in which Plaintiff has an interest; those items include, but are not limited to, HERITAGE

27

AUCTION lot numbers 19855, 19857, 19858, 19859, 19860, and 19866.

28

7.    On approximately May 3, 2008, Defendants offered those items for sale to the public notwithstanding notice of Plaintiff's objection thereto.

8.    As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in an amount on excess of $75,000; these damages were sustained in Contra Costa County, where Plaintiff resides.

9.    As a further direct and proximate result of Defendants' conduct, Plaintiff has sustained, and is continuing to sustain, irreparable injury for which pecuniary compensation would not afford adequate relief, and/or where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief, and/or where restraint is necessary to prevent a multiplicity of judicial proceedings.

## FIRST CAUSE OF ACTION
### (Invasion of Privacy–Publicity Given to Private Life)

10.    Plaintiff incorporates by this reference the all preceding paragraphs as though fully set forth herein.

11.    On or about April 2008 and May 2008, Defendants gave publicity to matters concerning the private life of Plaintiff by offering Plaintiff's personal effects at auction to the public at large, and/or to so many persons that the matters were substantially certain to become public knowledge.

12.    The matters to which Defendants gave publicity were of a nature that would be highly offensive to a reasonable person, and were, in fact, highly offensive to Plaintiff.

13.    The matters to which Defendants gave publicity were not of legitimate public concern, nor were they matters of public record.

14.    At no time did Plaintiff consent to the publicity given to his personal effects, nor did Plaintiff manifest any desire to have those personal effects and their contents made public.

15.    As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in excess of $75,000.

WHEREFORE, Plaintiff demands a jury trial and prays for Judgment as set forth below.

Pltff.'s Complt. for Damages and Injunction . . .        3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION
### (Invasion of Privacy–Interference with Privacy)

16.    Plaintiff incorporates by this reference the all preceding paragraphs as though fully set forth herein.

17.    At all relevant times, Plaintiff had an interest in not having his affairs known to others, in not having his likeness exhibited to the public, and in protecting his reputation.

18.    In approximately April 2008 through May 2008, Defendants unreasonably and seriously interfered with Plaintiff's interest in that they caused to be posted on the internet several of Plaintiff's personal effects.

19.    At all relevant times, Defendants knew or should have known that their conduct would be offensive to a person or ordinary sensibilities.

20.    At no time did Plaintiff consent to Defendants' conduct, nor did Plaintiff manifest any desire to have those personal effects and their contents made public.

21.    As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in excess of $75,000.

WHEREFORE, Plaintiff demands a jury trial and prays for Judgment as set forth below.

## THIRD CAUSE OF ACTION
### (Common Law Copyright Violation – Cal. Civ. C. §§ 980-985)

22.    Plaintiff incorporates by this reference the all preceding paragraphs as though fully set forth herein.

23.    At all relevant times, Plaintiff had a right to publish or to prevent from publication his private correspondence.

24.    In approximately April 2008 through May 2008, Defendants violated Plaintiff's right in that they published and/or caused to be published Plaintiff's private correspondence.

25.    At no time did Plaintiff consent to Defendants' conduct, nor did Plaintiff manifest any desire to have those personal effects and their contents made public.

26.    As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in excess of $75,000.

WHEREFORE, Plaintiff demands a jury trial and prays for Judgment as set forth below.

## FOURTH CAUSE OF ACTION
### (Conversion–as against Defendant MOSES)

27.     Plaintiff incorporates by this reference the all preceding paragraphs as though fully set forth herein.

28.     At all relevant times, Plaintiff had an ownership interest in his own personal effects including, but not limited to, his literary property and personal property including, but not limited to, his University of Notre Dame letter of intent and student identification card.

29.     On a date unknown to Plaintiff but estimated between December 1979 and the present, Defendant obtained from Plaintiff, without Plaintiff's consent, the personal property described as follows: his literary property and personal property including, but not limited to, his University of Notre Dame letter of intent and student identification card.  That property has a value in excess of $75,000.

30.     Because of fraudulent or mistaken concealment, the facts of Defendant's conduct were unknown to Plaintiff until approximately April 29, 2008.

31.     On approximately April 29, 2008, Plaintiff learned of Defendant's conduct and demanded return of his property, but Defendant refused, and continues to refuse, to do so; Defendant has converted Plaintiff's personal property to Defendant's own use and benefit.

32.     By reason of Defendants' unlawful conversion of Plaintiff's personal property, Plaintiff is entitled to recover the value of the property at the time of the conversion, with interest, and a fair compensation for the time and money properly expended to recover the property, pursuant to Cal. Civ. C. § 3336.

33.     Defendants' conduct was wilful, wanton, oppressive, malicious, and/or done in conscious disregard of Plaintiff's rights; Plaintiff seeks exemplary damages according to proof pursuant to Cal. Civ. C. § 3294.

WHEREFORE, Plaintiff demands a jury trial and prays for Judgment as set forth below.

1

**PRAYER FOR JUDGMENT**

2    WHEREFORE, Plaintiff demands a jury trial and prays for Judgment as follows:

3    (1)    For special damages in excess of $75,000;

4    (2)    For punitive damages according to proof pursuant to Cal. Civ. C. § 3294;

5    (3)    For interest on damages pursuant to Cal. Civ. C. §§ 3287-3291, 3336, and any

6           other applicable law;

7    (4)    Damages, including attorneys' fees, for attempting to retain possession of the

8           personal property in an amount in excess of $75,000 pursuant to Cal. Civ. C. §3336;

9    (5)    For a provisional and permanent injunction pursuant to Cal. Civ. C. §§ 526, 3422,

10          1812.602 and any other applicable law;

11   (6)    For costs of suit herein incurred;

12   (7)    For such other and further relief as this Court may deem proper.

13

14   DATED:    May 5, 2008                    MEZZETTI LAW FIRM, INC.

15

16                                           BY_____

17                                                ROBERT L. MEZZETTI II

18

19

20

21

22

23

24

25

26

27

28