DREIER STEIN KAHAN
    BROWNE WOODS GEORGE LLP
Stanton L. Stein (No. 45997) (admission pending)
*lstein@dreierstein.com*
Jonathan E. Stern (No. 222192)
*jstern@dreierstein.com*
The Water Garden
1620 26th Street
Sixth Floor, North Tower
Santa Monica, CA 90404
Telephone: 310.828.9050
Facsimile: 310.828.9101

Attorneys for Defendants
KIM MOSES and HERITAGE AUCTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. MONTANA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> KIM MOSES, HERITAGE AUCTION, INC., and DOES 1 through 25 inclusive, <br><br> Defendants. | CASE NO. C08 02324 BZ <br><br> **NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> ([Proposed] Order; Certification of Interested Parties; Disclosure Statement Pursuant to Rule 7.1 filed concurrently herewith) <br><br> Date: August 13, 2008 <br> Time: 10:00 a.m. <br> Judge: Hon. Bernard Zimmerman |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 13, 2008 at 10:00 a.m. or as soon thereafter as the motion may be heard, at the United States District Court, located at 280 South 1st Street, San Jose, CA 95113, defendants Kim Moses and Heritage Auction, Inc. (collectively, "Defendants") will and hereby do move this Court for an Order that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, the third and fourth causes of action be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is and will be made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction to adjudicate this

1  dispute since there lacks complete diversity between plaintiff Joseph C. Montana, Jr. ("Plaintiff")
2  and Defendants. Alternatively, this Motion is and will be made pursuant to Rule 12(b)(6) of the
3  Federal Rules of Civil Procedure on the grounds: (a) Plaintiff's third cause of action is preempted
4  by Section 301 of the United States Copyright Act (17 U.S.C. § 301); and (b) Plaintiff's fourth
5  cause of action fails to state facts sufficient to state a cause of action and is uncertain because
6  Plaintiff relies on conclusory and unexplained allegations of fraudulent concealment without any
7  alleged facts whatsoever concerning the alleged concealment.

8      This Motion is and will be based on this Notice, the attached Memorandum of
9  Points and Authorities, the papers, pleadings and other records on file in this action, and such
10 further evidence or argument as may be presented at or before the hearing of this Motion.

12 DATED: June 30, 2008    DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP

By _____
JONATHAN E. STERN
Attorneys for Defendants
KIM MOSES and HERITAGE AUCTION, INC.

-2-  DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................1

    A. The Court Lacks Subject Matter Jurisdiction Over this Action Because There Lacks Complete Diversity Between Plaintiff and All Defendants.................2

    B. Plaintiff's Third Cause of Action for Common Law Copyright Violation Is Preempted by the United States Copyright Act......................................................3

    C. Plaintiff Failed to Sufficiently Allege A Cause of Action for Conversion..............6

III. CONCLUSION.......................................................................................................................7

DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arbaugh v. Y & H Corp.*
    546 U.S. 500 (2006)..........................................................................................3

*Berge v. Board of Trustees of the University of Alabama*
    104 F.3d 1453 (4th Cir. 1997)...........................................................................4

*Capitol Records, Inc. v. Naxos of Am., Inc*
    372 F.3d 471, (2d Cir. 2004).........................................................................3, 4

*Del Madera Props. v. Rhodes & Gardner, Inc.*
    820 F.2d 973 (9th Cir. 1987).............................................................................4

*Ehat v. Tanner*
    780 F.2d 876 (10th Cir. 1985)...........................................................................6

*Grosso. v. Miramax*
    383 F.3d 965 (9th Cir. 2004).............................................................................4

*Harper & Row Publishers, Inc. v. Nation Enterprises*
    723 F.2d 195 (2d Cir. 1983)..............................................................................5

*In Re United Ins. Management, Inc.*
    14 F.3d 1380 (9th Cir. 1994).............................................................................7

*Kokkonen v. Guardian Life Ins. Co.*
    511 U.S. 375 (1994)..........................................................................................2

*Lehman v. United States*
    154 F.3d 1010 (9th Cir. 1998)...........................................................................7

*Majestic Ins. Co. v. Allianz Intern., Ins. Co.*
    133 F.Supp. 2d 1218 (N.D. Cal. 2001)..............................................................3

*Newman-Green, Inc. v. Alfonzo-Larrian*
    490 U.S. 826 (1989)..........................................................................................3

*Pacific Postal Tel. Cable Co. v. Bank of Palo Alto*
    109 F. 369 (9th Cir. 1901).................................................................................7

*Schnabel v. Lui*
    302 F.3d 1023 (9th Cir. 2002)...........................................................................3

*Strawbridge v. Curtis*
    7 U.S. (3 Cranch) 267 (1806)............................................................................3

*Stutz Motor Car of America, Inc. v. Reebok Int'l, Ltd.,*
    909 F.Supp. 1353 (C.D. Cal. 1995)................................................................6, 7

*Volk v. D.A. Davidson & Co.*
    816 F.2d 1406 (9th Cir. 1987)...........................................................................7

## STATE CASES

*Durgom v. Janowiak*
    74 Cal. App. 4th 178 (1999).............................................................................5

*Haines v. Parra*
    193 Cal. App. 3d 1553 (1987)...........................................................................7

*Maheu v. CBS, Inc.*
    201 Cal. App. 3d 662 (1988).............................................................................5

DREIER STEIN KAHAN
BROWNE WOODS GEORGE LLP

*Snapp & Assocs. Ins. Svcs., Inc. v. Robertson*
  96 Cal. App. 4th 884 (2002) ..................................................................................6

**FEDERAL STATUTES**

17 U.S.C. § 102(a) ........................................................................................................3, 4

17 U.S.C. § 301 .........................................................................................................2, 3, 4

17 U.S.C. §§ 106(1) ..........................................................................................................5

28 U.S.C. § 1332 ...............................................................................................................3

**STATE STATUTES**

California Civil Code §3336 ..........................................................................................2, 7

California Civil Procedure Code §338(c) .........................................................................6

**TREATISES**

1 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 1.01[b][1], at
  1-13 (2005) ................................................................................................................5, 6

1 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 2.02, at 2-19
  (2005) ........................................................................................................................3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit has no place in federal court. Both plaintiff Joseph C. Montana, Jr. ("Plaintiff") and defendant Kim Moses ("Moses") are residents of California. Consequently, and contrary to Plaintiff's allegations, there is no diversity jurisdiction to adjudicate Plaintiff's claims against Moses and Heritage Auction, Inc. ("Heritage") (collectively, "Defendants"). On this ground alone, Plaintiff's Complaint must be dismissed in its entirety.

In addition to the fact that Plaintiff's Complaint was improperly filed in this Court, Plaintiff's third cause of action for violation of Plaintiff's purported common law copyright must be dismissed regardless of whether Plaintiff's Complaint was filed in state or federal court because the cause of action is preempted by the Copyright Act. Likewise, Plaintiff's cause of action against Moses for conversion, which is based on Moses' allegedly improper receipt of property belonging to Plaintiff at some point in time between December 1979 and the present, is improperly pled and barred by the statute of limitations.

For all of these reasons (and as discussed more fully herein), Plaintiff's Complaint should be dismissed. Alternatively, if, for some reason, the Complaint is not dismissed in its entirety, Defendant respectfully request that this Court dismiss with prejudice Plaintiff's third and fourth causes of action for Common Law Copyright Violation and Conversion, respectively.

## II. STATEMENT OF FACTS[1]

In his Complaint, Plaintiff alleges that he and Moses are residents of the State of California. Plaintiff also alleges in his Complaint that defendant Heritage Auction—an auction house that markets, values and sells collectibles at auctions—is a Texas Corporation. Complaint, ¶¶ 2-3. Plaintiff asserts that the basis for the Court's jurisdiction over this dispute is based on the alleged diversity of the parties. According to Plaintiff, on May 3, 2008, Defendants auctioned to the public items purportedly belonging to Plaintiff. *Id.*, ¶¶ 6-7.

---

[1] For purposes of this Motion only, Defendants accept the truth of the allegations in the Complaint.

-1-     MOTION TO DISMISS MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's first purported cause of action, titled "Invasion of Privacy—Publicity Given to Private Life" alleges that the auctioned items contained Plaintiff's "personal effects" and that, by auctioning those items, Defendants gave publicity to "matters concerning the private life of Plaintiff" and that such "matters . . . were of a nature that would be highly offensive to a reasonable person." Complaint, ¶¶ 11-12. Plaintiff's purported second cause of action is duplicative of the first. Titled "Invasion of Privacy—Interference with Privacy," Plaintiff alleges that Defendants posted on the Internet Plaintiff's "personal effects" and that, by posting those items, Defendants violated Plaintiff's "interest in not having his affairs known to others, in not having his likeness exhibited to the public, and in protecting his reputation." *Id.*, ¶¶ 17-18.

Plaintiff's purported third cause of action for "Common Law Copyright Violation" alleges that Plaintiff had a "right to publish or to prevent from publication his private correspondence" and that Defendants violated Plaintiff's right by "publishing and/or caus[ing] to be published Plaintiff's private correspondence." Complaint, ¶¶ 23-24.

Plaintiff's purported fourth cause of action against Moses for "Conversion" alleges that at a "a date unknown to Plaintiff but estimated between December 1979 and the present," Defendant improperly obtained property belonging to Plaintiff. Complaint, ¶ 29. Plaintiff further alleges, without any further elaboration whatsoever, that due to "fraudulent or mistaken concealment, the facts of Defendant's conduct were unknown to Plaintiff until approximately April 29, 2008." *Id.*, ¶ 30. Plaintiff then claims that "Defendant" converted Plaintiff's personal property for "Defendant's own use and benefit." *Id.*, ¶ 31. Among other things, Plaintiff seeks attorneys fees "for attempting to retain possession of the personal property" purportedly pursuant to California Civil Code section 3336 argument.

A. **The Court Lacks Subject Matter Jurisdiction Over this Action Because There Lacks Complete Diversity Between Plaintiff and All Defendants**

At the District Court level, the plaintiff bears the burden of demonstrating that the Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, (1994). Plaintiff cannot possibly meet this burden. Indeed, Plaintiff's own allegations conclusively establish that this Court lacks subject matter jurisdiction.

District Courts have original jurisdiction of all civil actions where the matter in controversy: (a) exceeds $75,000, exclusive of interest and costs and (b) is between citizens of different states. 28 U.S.C. § 1332. It is hornbook law that in order for a court to exercise diversity jurisdiction, all plaintiffs must have citizenship different than all defendants. *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); *Newman-Green, Inc. v. Alfonzo-Larrian*, 490 U.S. 826 (1989). Here, Plaintiff expressly alleges that both Moses and Plaintiff are citizens of the State of California. Nonetheless, Plaintiff asserts that the Court's jurisdiction is based on the "diversity of the parties." Complaint, p. 1:23-2:11 This lack of complete diversity prohibits the Court from exercising diversity jurisdiction. *Majestic Ins. Co. v. Allianz Intern., Ins. Co.*, 133 F.Supp. 2d 1218, 1223 (N.D. Cal. 2001). **On these grounds alone, Plaintiff's Complaint must be dismissed**.

B. **Plaintiff's Third Cause of Action for Common Law Copyright Violation Is Preempted by the United States Copyright Act[2]**

The 1976 Copyright Act affords federal copyright protection to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). The Act specifically preempts state law rights that are equivalent to those within the scope of copyright as specified in the Act. 17 U.S.C. § 301. Plaintiff's third cause of action for "Common Law copyright Violation" arises from the publication of Plaintiff's alleged private correspondence. The claim is clearly preempted by the United States Copyright Act. Indeed, according to the leading treatise on Copyright law—*Nimmer on Copyright*—: "As of January 1, 1978, common law copyright ended for all works that are the subject of federal pre-emption." 1 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 2.02, at 2-19 (2005). *See also Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471, 477 n.2 (2d Cir. 2004) ("The 1976 Copyright Act ended common law copyright protection for all works that are the subject of federal preemption."). That is certainly the case here.

---

[2] Even though Plaintiff's Complaint must be dismissed on grounds for lack of diversity jurisdiction, Defendants, out of an abundance of caution, assert the following additional arguments under Federal Rule of Civil Procedure 12(b). *Cf. Schnabel v. Lui*, 302 F.3d 1023, 1034 (9th Cir. 2002) *with Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

Section 301 of the Copyright Act states:

"All legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . are governed exclusively by this title. [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a).

Plaintiff cannot maintain a state law action to vindicate state law claims which (1) concern a subject fixed in a tangible medium of expression and within the subject matter of copyright and (2) are equivalent to any of the exclusive rights granted to the copyright owner under the Copyright Act. *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987); *Grosso v. Miramax*, 383 F.3d 965 (9th Cir. 2004). Furthermore, to "survive preemption, a state cause of action must protect rights which are qualitatively different from the copyright rights" and therefore "must have an 'extra element' which changes the nature of the action." *Del Madera Props.*, 820 F.2d at 977. A technical "extra element" is insufficient. Rather, the extra element must transform the state law claim so that it is qualitatively different from a copyright infringement claim. *Id.* at 976. *See also Berge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453 (4th Cir. 1997) (holding that "the shadow actually cast by the [Copyright] Act's preemption is notably broader than the wing of its protection.")

With respect to the first prong of the copyright preemption analysis, there should be little dispute that the alleged "private correspondence" falls "within the subject matter of copyright" and is "fixed in a tangible medium of expression." Section 102(a)(1) of the Copyright Act specifically lists "literary works" as "works of authorship" within copyright's subject matter. 17 U.S.C. § 102(a)(1). Plaintiff's common law copyright cause of action is premised on Defendants' alleged unauthorized publication of written correspondence and therefore this claim clearly falls within the subject matter of copyright. Per *Nimmer*, supra, and *Capitol Records*, 372 F.3d at 477 n.2, Plaintiff's claim is preempted by the Copyright Act on these grounds alone.

Even were this Court to turn to the second prong of the analysis, Plaintiff's claim

is still preempted because his cause of action for common law copyright violation is equivalent to the exclusive rights under the Copyright Act; namely the right to publicly display or reproduce copyrightable works. 17 U.S.C. §§ 106(1), (5). Since Plaintiff's common law copyright claim arises solely out of Defendants' publishing of Plaintiff's purported "private correspondence," the claim does not contain a single "extra element" which might save Plaintiff's claim from preemption.[3] *See Del Madera Props.*, 820 F.2d at 977. *See also Durgom v. Janowiak*, 74 Cal. App. 4th 178, 182 (1999) ("The mere fact that a controversy involves a parent or copyright does not give rise to federal jurisdiction."). The decision in *Maheu v. CBS, Inc.*, 201 Cal. App. 3d 662 (1988) is directly on point.

In *Maheu*, 201 Cal. App. 3d 662 plaintiff—the recipient and addressee of "confidential letters" and private notes from Howard Hughes—brought, among other things, a cause of action for conversion based on the unauthorized publication of the private notes and confidential letters. The court determined that plaintiff's claimed was preempted by the Copyright Act because the plaintiff sought "to recover for damages arising from the reproduction and distribution of the letters." *Id.* at 673. Citing the Second Circuit's decision in *Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 201 (2d Cir. 1983), the *Maheu* court explained:

> "[I]f unauthorized publication was the gravamen of [plaintiffs'] claim, the right . . . sought to protect 'is coextensive with an exclusive right already safeguarded by the [Copyright] Act—namely, control over reproduction and derivative use of copyrighted material"—and as such, was preempted."

*Maheu*, 201 Cal. App. 3d at 672 (quoting *Harper & Row*, 723 F.2d at 201).

Here, Plaintiff's purported claim for common law copyright violation are based entirely upon Defendants' alleged publication of copyrightable material—here, Plaintiff's alleged "private correspondence"—conduct which implicates the exclusive rights contained in Section 106 of the Copyright Act, including the reproduction and distribution rights . *See* 1 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 1.01[b][1], at 1-13 (2005) ("[I]f under state

---

[3] Tellingly, Defendants could not identify a single decision published since the enactment of the 1976 Copyright Act that interprets the applicable Civil Code sections cited in the Complaint.

-law the act of reproduction, performance, distribution, or display, no matter whether the law includes all such acts or only some, will in itself infringe the state-created right, then such right is preempted."). For these reasons as well, the claim is preempted under the Copyright Act. *See also Ehat v. Tanner*, 780 F.2d 876, 877 (10th Cir. 1985) (claim premised on reproduction and distribution of copyrightable work preempted by the Copyright Act).

### C. Plaintiff Failed to Sufficiently Allege A Cause of Action for Conversion

Plaintiff's fourth causes of action for conversion asserts that Moses converted Plaintiff's personal property, which allegedly includes Plaintiff's University of Notre Dame letter of intent and his student identification card. In an effort to save his claim from the three year statute of limitations for conversion claims, Cal. Civ. Proc. Code §338(c), Plaintiff alleges that the alleged conversion occurred between "December 1979 and the present" and that Moses' "conduct were [*sic*] unknown to Plaintiff until approximately April 29, 2008" due to "fraudulent or mistaken concealment." Complaint, ¶¶ 29-30. No grounds exist on which to toll the statute of limitations.

In California, a plaintiff may be entitled to equitable tolling of a limitations period where the defendant fraudulently concealed the existence of the cause of action. *See Snapp & Assocs. Ins. Svcs., Inc. v. Robertson*, 96 Cal. App. 4th 884, 890 (2002). To invoke this doctrine, a plaintiff must demonstrate (1) all the substantive elements of frauds (e.g., misrepresentation or concealment of a material fact, knowledge of falsity, intent to defraud, justifiable reliance and resulting damage), (2) that plaintiff had no actual or constructive notice of its claims, (3) that plaintiff exercised diligence in discovering the facts, and (4) that plaintiff had a valid excuse for late discovery of the facts. *See id.*; *Stutz Motor Car of America, Inc. v. Reebok Int'l, Ltd.*, 909 F.Supp. 1353, 1363 (C.D. Cal. 1995). Moreover, a plaintiff must establish affirmative conduct of the defendant to conceal the cause of action; "[b]ald allegations of conspiracy and concealment are not sufficient to make out a case of fraudulent concealment." *Stutz*, 909 F.Supp. at 1363. Indeed, "[t]he fraudulent concealment doctrine does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of the potential claim." *Snapp*, 96 Cal. App. 4th at 890-91.

Plaintiff does not and cannot plead any of the facts necessary to invoke the doctrine of equitable tolling/fraudulent concealment. Plaintiff fails to allege that: (a) Moses made any misrepresentation of material fact upon which Plaintiff relied to his detriment; (b) Moses knew of the falsity of any purported misrepresentation and intended to defraud Plaintiff; (c) Plaintiff justifiably relied on any purported misrepresentation; (d) Plaintiff lacked actual or constructive notice of his claim; (e) Plaintiff exercised diligence in discovering the facts that led him to assert his claim; or (f) Plaintiff has a valid excuse for the discovery of the facts. *See e.g., Lehman v. United States*, 154 F.3d 1010, 1016-17 (9th Cir. 1998) (upholding grant of Rule 12(b)(6) motion to dismiss where plaintiff's allegations were insufficient to permit equitable tolling); *In Re United Ins. Management, Inc.*, 14 F.3d 1380, 1385 (9th Cir. 1994) ("When application of equitable tolling turns on the plaintiff's diligence in discovering a cause of action, courts may hold, as a matter of law, that the doctrine does not apply."); *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415-16 (9th Cir. 1987) (summary judgment granted based on the statute of limitations where plaintiff failed to show due diligence in investigating the claims). Furthermore, though Plaintiff contends that it was somehow delayed from discovering the facts surrounding Moses' alleged conversion based on "fraudulent or mistaken concealment," Complaint, ¶ 30, Plaintiff does not allege any facts to substantiate "concealment" of its conversion cause of action. Plaintiff's "[b]ald allegations of . . . concealment are not sufficient to make out a case of fraudulent concealment." *Stutz*, 909 F.Supp. at 1363. Because Plaintiff's conversion claim allegedly accrued decades ago and Plaintiff has not, and cannot, allege facts entitling him to a tolling of the limitations period, Plaintiff's conversion cause of action should be dismissed.[4]

### III. CONCLUSION

For all of the reasons stated herein, the Court should dismiss the entire Complaint

---

[4] Plaintiff's prayer for attorneys fees incurred in attempting to obtain possession of the allegedly converted property is also improper and should be stricken. Complaint, 6:7-8. Courts have repeatedly held for well over a century that California Civil Code section 3336, which provides for compensation to a prevailing plaintiff for time and money expended in pursuit of recovering converted property, does not provide for a prevailing plaintiff to recover attorneys fees. *Haines v. Parra*, 193 Cal. App. 3d 1553, 1559 (1987) (damages under California Civil Code §3336 do not include attorneys' fees); *Pacific Postal Tel. Cable Co. v. Bank of Palo Alto*, 109 F. 369 (9th Cir. 1901).

1 because the Court lacks subject matter jurisdiction to adjudicate this dispute. Alternatively, if, for
2 some reason, the Complaint is not dismissed in its entirely, the Court should dismiss with
3 prejudice Plaintiff's third and fourth causes of action for Common Law Copyright Violation and
4 Conversion.

6 DATED: June 30, 2008              DREIER STEIN KAHAN BROWNE WOODS GEORGE
                                    LLP

                                    By _____
                                    JONATHAN E. STERN
                                    Attorneys for Defendants
                                    KIM MOSES and HERITAGE AUCTION, INC.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Dreier Stein Kahan Browne Woods George LLP, The Water Garden, 1620 26th Street, 6th Floor, North Tower, Santa Monica, California 90404. On June 30, 2008, I served a true copy of the within documents:

**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Monica, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight delivery service carrier, _____.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Robert L. Mezzetti, II, Esq.
Mezzetti Law Firm, Inc.
31 East Jullan Street
San Jose, California 95112
Tel. No.: (408) 279-8400
Fax No.: (408) 279-8448
Email: rob@mezzettilaw.com

Attorneys for Plaintiff
JOSEPH C. MONTANA, JR.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 30, 2008, at Santa Monica, California.

_____
Maria G. Garcia

DREIER STEIN KAHAN
BROWNE WOODS GEORGE LLP
Stanton L. Stein (No. 45997) (admission pending)
*lstein@dreierstein.com*
Jonathan E. Stern (No. 222192)
*jstern@dreierstein.com*
The Water Garden
1620 26th Street
Sixth Floor, North Tower
Santa Monica, CA 90404
Telephone: 310.828.9050
Facsimile: 310.828.9101

Attorneys for Defendants
KIM MOSES and HERITAGE AUCTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH C. MONTANA, JR.,<br><br>   Plaintiff,<br><br>   vs.<br><br>KIM MOSES, HERITAGE AUCTION, INC., and DOES 1 through 25 inclusive,<br><br>   Defendants. | CASE NO. C08 02324 BZ<br><br>**[PROPOSED] ORDER RE DEFENDANTS' MOTION TO DISMISS**<br><br>(Defendants' Motion to Dismiss; Certification of Interested Parties; Disclosure Statement Pursuant to Rule 7.1 filed concurrently herewith)<br><br>Date:     August 13, 2008<br>Time:    10:00 a.m.<br>Judge:   Hon. Bernard Zimmerman |

This matter having been brought before this Court upon defendant Kim Moses' and Heritage Auction, Inc.'s (together, "Defendants") Motion to Dismiss plaintiff Joseph C. Montana, Jr.'s ("Plaintiff") Complaint ("Motion to Dismiss"); and the Court, having considered the papers before it, heard oral argument thereon, and good cause having been shown:

///

///

///

///

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss is GRANTED in its entirety.

2. Plaintiff's Complaint is hereby dismissed, without prejudice.

DATED: _____          _____
                                  The Hon. Bernard Zimmerman
                                  United States District Court Judge

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Dreier Stein Kahan Browne Woods George LLP, The Water Garden, 1620 26th Street, 6th Floor, North Tower, Santa Monica, California 90404. On June 30, 2008, I served a true copy of the within documents:

**[PROPOSED] ORDER RE DEFENDANTS' MOTION TO DISMISS**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Monica, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight delivery service carrier, _____.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Robert L. Mezzetti, II, Esq.
Mezzetti Law Firm, Inc.
31 East Jullan Street
San Jose, California 95112
Tel. No.: (408) 279-8400
Fax No.: (408) 279-8448
Email: rob@mezzettilaw.com

Attorneys for Plaintiff
JOSEPH C. MONTANA, JR.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 30, 2008, at Santa Monica, California.

_____
Maria G. Garcia